**Amor A. ALAPAN, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,
Respondent.**

**No. 04–3143.**

United States Court of Appeals,
Federal Circuit.

DECIDED: July 13, 2004.

Rehearing Denied Oct. 4, 2004.

Amor A. Alapan, Zambales, Philippines, pro se.

Domenique Kirchner, William F. Ryan, David M. Cohen, Department of Justice, Jo Ann M. Chabot, Office of Personnel Management, Washington, DC, for Respondent.

Before GAJARSA, LINN, and PROST, Circuit Judges.

PER CURIAM.

Amor A. Alapan seeks review of the final decision of the Merit Systems Protection Board ("Board") affirming a decision of the Office of Personnel Management ("OPM") denying Alapan's application for a deferred retirement annuity under the Civil Service Retirement System ("CSRS"). *Alapan v. Office of Pers. Mgmt.*, No. SE0831030140–I–1 (May 23, 2003). Because Mr. Alapan's service does not satisfy the statutory requirements of 5 U.S.C. § 8333, we *affirm*.

A Board decision must be affirmed unless it is found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

To qualify for a CSRS annuity, an applicant must have completed at least five years of creditable civilian service, of which one of the last two years of service must be covered under the Civil Service Retirement Act ("CSRA"). 5 U.S.C. § 8333(a)-(b) (2000). While most service is creditable, not all service is covered. *Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514, 516 (Fed.Cir.1995). Covered service only includes an appointment that is subject to the CSRA and for which an employee must deposit part of his or her pay into the Civil Service Retirement and Disability Fund. *Id.*

Mr. Alapan argues that the Board's denial of an annuity was not in accordance with law. First, Mr. Alapan contends that he obtained CSRS coverage when he was promoted to the position of Power Plant Mechanic effective April 29, 1979, and remained covered until September 30, 1992, when he resigned. In support of his contention, Mr. Alapan relies on language contained in the SF–50 that effected his promotion. Second, Mr. Alapan also argues that the Navy must have given him a permanent appointment because his "tenure group" for reduction-in-force purposes was listed as "I" (permanent) beginning on June 27, 1976, when he received an indefinite appointment. As such, Mr. Alapan contends that he obtained competitive status and, consequently, that one of his last two years of service was covered under the CSRA.

As a general matter, we agree with the Board that the documents in Mr. Alapan's employment file do not demonstrate that he was subject to CSRA retirement provisions. Mr. Alapan served in temporary appointments between August 26, 1974, and June 26, 1976. Thereafter, he served in an indefinite appointment between June 27, 1976, and September 30,

1992. The CSRS clearly excludes retirement coverage for these appointments. 5 C.F.R. § 831.201(a)(1), (13) (2004). Thus, the Board properly concluded that Mr. Alapan did not complete at least one year of covered service during the two-year period immediately preceding his retirement.

We particularly discount Mr. Alapan's argument that he obtained "competitive status," and therefore coverage, with his promotion on April 29, 1979. The language in the SF–50 upon which Mr. Alapan relies—"[s]election made under the Merit Promotion Plan"—is not dispositive. In that same SF–50, item 28, "Position Occupied," contains the number 2, indicating that the position does not qualify for competitive status. In addition, that particular SF–50 indicates in Block 10 that Mr. Alapan's retirement coverage is "None." Thus, the Board had substantial evidence upon which to conclude that Mr. Alapan did not obtain competitive status with his April 29, 1979, promotion.

We also discount Mr. Alapan's arguments based on his tenure-group listing. In *Rosete*, this court remarked that tenure-group designations "could be circumstantial evidence that [the retiree] did not hold an indefinite appointment if [the retiree] was 'at any time subject to the CSRS and [the retiree's] personnel record was incomplete as to evidence.'" 48 F.3d at 520 (quoting *Fredeluces v. Office of Pers. Mgmt.*, 57 M.S.P.R. 598, 602 n. 4 (1993)). But it did not hold that tenure grouping alone determines eligibility for CSRA benefits. *See id.* at 519–20. Thus, the court also evaluated the other evidence, noting that the SF–50s indicated either "none," "not applicable," or "other" entries in the various retirement-related parts. *Id.* Accordingly, the court sustained the Board's determination, concluding that this other evidence outweighed the tenure-group designation.

Here, similarly, the Board properly concluded Alapan is not entitled to CSRS annuity benefits. The SF–50 on June 27, 1976, shows that Mr. Alapan's appointment was "indefinite," not permanent. In addition, as discussed above, the SF–50 from April 29, 1979, specifies that Mr. Alapan was in the excepted service. Finally, both of these SF–50s note, in Block 10, that Mr. Alapan's entitlement to retirement benefits is "none." Thus, as in *Rosete*, the SF–50s contained substantial evidence to support the Board's finding that Mr. Alapan held an indefinite appointment, excluded from coverage, despite Mr. Alapan's placement in Tenure Group I. Accordingly, he is not entitled to retirement benefits.

We have considered Alapan's other arguments and find them without merit. In particular, we do not agree with Mr. Alapan's continuity-of-coverage argument; he neither demonstrated initial appointment to a covered position nor transference from a non-covered position to a covered position.